UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH COPES,

                            Plaintiff,

v.                                                          5:22-CV-0291
                                                               (MAD/ML)

STATE UNIVERSITY OF NEW YORK;
and FINGERLAKES COMMUNITY
COLLEGE,

                            Defendants.
_____

APPEARANCES:                                                             OF COUNSEL:

KEITH COPES
  Plaintiff, *Pro Se*
1700 West Onondaga Street, Apartment 410
Syracuse, New York 13204

MIROSLAV LOVRIC, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

      Presently before the Court is a Complaint filed by *pro se* plaintiff Keith Copes ("Plaintiff") together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) For the reasons set forth below, Plaintiff's IFP application is granted and I recommend that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.     BACKGROUND

On March 28, 2022, Plaintiff commenced this action by filing a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, against Defendants State University of New York ("SUNY") and Fingerlakes Community College ("FLCC") (collectively "Defendants"). (Dkt. No. 1.)

The Complaint alleges that Plaintiff was registered to become an online student at Defendant FLCC through a partnership with Defendant SUNY for the fall semester of 2021. (*Id*.)  Plaintiff alleges that he and Defendants entered a binding contract pursuant to which, Defendants would provide Plaintiff with books and a Dell Inspiron IS 3000 laptop computer. (*Id*.)  Plaintiff alleges that he began his courses as set forth in the contract.  (*Id*.)  Plaintiff alleges that Defendants "advertised to the public" that they would provide an unspecified "kind of Education and Instruction" but "refused to offer such an education to" Plaintiff and "conspired to keep that fact from him."  (*Id*. at 3.)

Based on these factual allegations, the Complaint appears to assert the following three causes of action: (1) a breach of contract claim against Defendants; (2) a claim of fraud against Defendants; and (3) a claim that Defendants conspired in violation of the Racketeer Influenced and Corrupt Organizations Act.  (*Id*. at 6.)

As relief, Plaintiff seeks $3,000,000,000.00 in compensatory damages, $150,000.00 in punitive damages, and any other relief that is deemed just and proper.  (*Id*. at 11.)

II.    **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[1] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[2]

### III.   LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*,

---

[1] The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2] Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

IV.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

   A.     RICO Conspiracy

Plaintiff attempts to assert claims under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute."  *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004).  The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages[.]"  18 U.S.C. § 1964(c).  In order to state a violation of Section 1962, and thus, a claim under the civil RICO enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce."  *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)).  Such a person must also "allege that he was 'injured in his business or property *by reason of a* violation of section 1962.'"  *Moss*, 719 F.2d at 17 (quoting § 1964(c)) (italics in original).

To allege a RICO conspiracy under 18 U.S.C. § 1962(d), a plaintiff must allege "a conspiracy to commit a substantive RICO violation."  *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008).  In particular, "[b]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the

5

very least, must allege specifically such an agreement." *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990). As a result, to properly allege a civil RICO conspiracy under Section 1962(d), a plaintiff must allege that the defendant "knew about and agreed to facilitate the [RICO] scheme." *Salinas v. United States*, 522 U.S. 52, 66 (1997). Regarding the facilitation requirement, "a plaintiff must allege that the conspirator intended to further an endeavor that, if completed, would satisfy all of the elements of a substantive" criminal offense; however, it is sufficient for a plaintiff to allege that the "conspirator adopted the goal of furthering or facilitating the criminal endeavor." *Malvar Egerique v. Chowaiki*, 19-CV-3110, 2020 WL 1974228, at *8 (S.D.N.Y. Apr. 24, 2020).

"Local Rule 9.2 requires a party asserting a claim under RICO to 'file a RICO statement within thirty (30) days of the filing of the pleading containing such claim.'" *Poole v. Bendixen*, 20-CV-0697, 2021 WL 3737780, at *11 (N.D.N.Y. Aug. 24, 2021) (Suddaby, C.J.). Failure to timely file a RICO statement pursuant to this rule is grounds for dismissal of the RICO claims. *See Pierce v. Homecomings Fin. LLC*, 17-CV-0882, 2017 WL 5991750, at *2 n.2 (N.D.N.Y. Dec. 4, 2017) (Sannes, J.) (noting that, where a plaintiff failed to file a RICO statement pursuant to Local Rule 9.2, "[p]laintiff's RICO claim may be dismissed for this reason alone"); *see also Amaker v. Kelley*, 01-CV-0877, 2009 WL 385413, at *11 (N.D.N.Y. Feb. 9, 2009) (Peebles, M.J.) (holding that failure to file a RICO statement "provid[es] a threshold for dismissal of [a] plaintiff's RICO claim"); *Spoto v. Herkimer Cnty. Trust*, 99-CV-1476, 2000 WL 533293, at *3 n.2 (N.D.N.Y. Apr. 27, 2000) (Munson, J.) ("[T]he [c]ourt would be justified to dismiss [the] complaint based upon the[ ] very untimely filing of the[ ] Local Rule 9.2 RICO Statement.").

Plaintiff filed his complaint on March 28, 2022. (Dkt. No. 1.) To date, Plaintiff has not filed a RICO statement (*see generally* docket sheet) and the time to do so pursuant to Local Rule

6

9.2 expired on April 27, 2022.  Based on Plaintiff's violation of Local Rule 9.2, I recommend that Plaintiff's RICO claim against Defendants be dismissed.  *See Murphy v. Onondaga Cnty.*, 18-CV-1218, 2022 WL 819281, at *7 (N.D.N.Y. Mar. 18, 2022) (Sharpe, J.) (dismissing the plaintiff's RICO conspiracy claims where the plaintiff filed a late RICO statement); *Poole*, 2021 WL 3737780, at *11 (dismissing RICO claims where the plaintiffs failed to timely file a RICO statement under Local Rule 9.2, "regardless of Plaintiffs' good-faith work on other aspects of th[e] case.").

In the alternative, I recommend that Plaintiff's RICO conspiracy claim be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff alleges no facts plausibly suggesting "how the government [actors] joined the criminal enterprises; when the conspiracies began; what roles each of the alleged co-conspirators played; how precisely the conspiracies operated; or how he was negatively impacted by these activities." *Gibbs v. Bank of Am., N.A.*, 22-CV-0011, 2022 WL 1469402, at *5 (E.D.N.Y. May 10, 2022).  Plaintiff's bare assertion that Defendants committed "fraud, fraud in the inducement[,] and conspiracy in violation of" RICO, does not plausibly suggest a violation of the RICO statute.

As a result, I recommend that Plaintiff's RICO conspiracy claim be dismissed.[3]

---

3      Although Plaintiff does not appear to allege any claims pursuant to 42 U.S.C. § 1983, he used the Court's form complaint for claims pursuant to 42 U.S.C. § 1983.  To the extent that any of Plaintiff's claims are construed pursuant to 42 U.S.C. § 1983, I recommend that those claims against Defendant SUNY be dismissed based on the doctrine of absolute immunity pursuant to the Eleventh Amendment.  *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 136 (2d Cir. 2015) (quoting *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)) ("SUNY itself is entitled to sovereign immunity because it is 'an integral part of the government of the State.'"); *see Gasparik v. Stony Brook University*, 296 F. App'x 151, 152 (2d Cir. 2008) (holding that as an agency or arm of the State of New York, "SUNY has not consented to be sued in a federal forum and so is immune from suit pursuant to the Eleventh Amendment.").  However, the doctrine of sovereign immunity pursuant to the Eleventh Amendment does not apply to Defendant FLCC. *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 139-40 (2d Cir. 2015) (finding that the defendant Westchester Community College—as a SUNY community college—was not a state

B.     **State Claims**

Having found that all of Plaintiff's federal claims are subject to dismissal, I recommend that, to the extent that Plaintiff has asserted any state law claims, the Court decline to exercise jurisdiction over those claims.[4] *See* 28 U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986) (citing *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1180 (1974)) (holding that "federal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of by summary judgment").

In the alternative, I recommend that Plaintiff's state law claims be dismissed for failure to state a claim upon which relief may be granted.

---

entity for purposes of sovereign immunity); *see Drehmer v. New York State*, 20-CV-6143, 2020 WL 6205690, at *4 (W.D.N.Y. Oct. 22, 2020) (adopting the "Second Circuit's reasoning in *Leitner*" finding that Corning Community College "is not an arm of the state entitled to sovereign immunity under the Eleventh Amendment.").

[4]     Breach of contract and fraud are state law claims. *See Wilson v. Neighborhood Restore Dev.*, 18-CV-1172, 2018 WL 2390143, at *3 (E.D.N.Y. May 18, 2018) (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,* 797 F.3d 160, 182 (2d Cir. 2015)) (holding that "breach of contract, breach of the warranty of habitability, negligence, personal injury and fraud . . . are state law claims.").

### 1. Breach of Contract

"[I]n order to establish a claim for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant, (2) performance of the plaintiff's obligations under the contract, (3) breach of the contract, and (4) damages to the plaintiff caused by the defendant's breach." *OOCL (USA) Inc. v. Transco Shipping Corp.*, 13-CV-5418, 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23, 2015) (citation omitted).

Here, construing the Complaint liberally, as the Court must, Plaintiff failed to allege facts plausibly suggesting Defendants' breach of the contract and any damages to Plaintiff caused by Defendants' breach. Although the details of the alleged contract between Plaintiff and Defendants are vague, it appears as though Plaintiff was to be a full-time student at Defendant FLCC and Defendants were obliged to provide books and a Dell laptop computer to Plaintiff. (Dkt. No. 1 at 3.) The Complaint does not allege that Defendants failed to provide Plaintiff with books or the computer. (*See generally* Dkt. No. 1.) Instead, the Complaint merely alleges that Defendants failed to provide an unspecified "kind" of education and instruction that they "advertised to the public and specifically promised and represented to [Plaintiff] that he would receive."[5] (Dkt. No. 1 at 3.) Defendants' alleged failure to provide Plaintiff with a particular "kind" of education was not a breach of the alleged contract. Further, Plaintiff does not allege that he incurred damages caused by Defendants' breach.

---

[5] Plaintiff also alleges that he "received minimum the benefits of [Defendants'] promises and representation." (Dkt. No. 1 at 4.) It is unclear based on this allegation whether Plaintiff intends to convey that he received the minimum bargained-for benefits pursuant to the contract or whether he intends to indicate that he received less than the bargained-for benefits pursuant to the contract.

9

As a result, I recommend that, to the extent Plaintiff asserted a breach of contract claim, that claim be dismissed for failure to state a claim upon which relief may be granted.

### 2. Fraud

Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages. *Eurycleia Partners, LP v. Seward & Kissel, LLP,* 12 N.Y.3d 553, 559 (N.Y. 2009); *Lama Holding Co. v. Smith Barney,* 88 N.Y.2d 413, 421, (N.Y. 1996). At the pleading stage in federal court, a plaintiff must "assert facts that plausibly support the inference of fraud." *Cohen v. S.A.C. Trading Corp.,* 711 F.3d 353, 360 (2d Cir. 2013). Additionally, a plaintiff must satisfy the heightened pleading standard set forth in Rule 9(b), which reads:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

In essence, Rule 9(b) places two further burdens on a plaintiff alleging fraud—the first goes to the pleading of the circumstances of the fraud, the second to the pleading of the defendant's mental state. As to the first, the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 187 (2d Cir. 2004) (internal quotation marks omitted). As to the second, although mental states may be pleaded "generally," a plaintiff must nonetheless allege facts "that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 290-91 (2d Cir. 2006).

The Complaint fails to allege facts plausibly suggesting any of the required elements for a fraud cause of action. (*See generally* Dkt. No. 1.) For example, the Complaint fails to allege facts plausibly suggesting any statements or omissions made by Defendants or Defendants' agents that were fraudulent. Hence, the Complaint also fails to allege where and when any fraudulent statements were made and by whom the statements were made. As a result, I recommend that Plaintiff's fraud claim be dismissed for failure to state a claim upon which relief may be granted.

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[6]

---

[6] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can

11

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint.[7]

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

**ACCORDINGLY**, it is

---

rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

[7]    However, to the extent that Plaintiff's Complaint is construed as alleging claims pursuant to 42 U.S.C. § 1983 against Defendant SUNY, I recommend that those claims be dismissed without leave to amend because the defects are substantive, such that they could not be cured if afforded an opportunity to amend. *See Mercado v. Town of Goshen*, 20-CV-5399, 2020 WL 5210949, at *5 (S.D.N.Y. Aug. 28, 2020) (finding that "[b]ecause the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint" where the plaintiff asserted claims against the "Orange County Court" which is part of the New York State Unified Court System); *Adames v. County of Suffolk Court*, 18-CV-4069, 2019 WL 2107261, at *4 (E.D.N.Y. May 14, 2019) (dismissing without leave to amend claims against the County of Suffolk Court because "the defects in Plaintiff's claims . . . are substantive and would not be cured if afforded an opportunity amend.").

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) against Defendants for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)[8]; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: June  1 , 2022
Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[8]  Except that, to the extent Plaintiff's Complaint is construed as alleging claims pursuant to 42 U.S.C. § 1983 against Defendant SUNY, I recommend that they be dismissed without leave to replead.

[9]  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[10]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).