UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH COPES,

                              **Plaintiff,**

  vs.                                                    5:22-CV-00291
                                                                     (MAD/ML)

STATE UNIVERSITY OF NEW YORK, and
FINGERLAKES COMMUNITY COLLEGE,

                              **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**KEITH COPES**
1700 W. Onondaga Street
Apt. 410
Syracuse, New York 13204
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On March 28, 2022, *pro se* Plaintiff Keith Copes commenced this action against Defendants State University of New York ("SUNY") and Fingerlakes Community College ("FLCC") asserting causes of action for (1) conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) breach of contract; and (3) fraud. *See* Dkt. No. 1 at 3. Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On June 1, 2022, Magistrate Judge Lovric issued a Report-Recommendation and Order granting Plaintiff's IFP application and recommending that Plaintiff's complaint be dismissed with leave to amend. *See* Dkt. No. 5.

Plaintiff has not filed any objections to the Report-Recommendation and Order. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral

or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court does not discern any clear error in the Report-Recommendation and Order. Magistrate Judge Lovric correctly concluded that Plaintiff's RICO claim—the only federal claim asserted in the complaint[1]—should be dismissed because (1) Plaintiff failed to timely file a RICO statement pursuant to Local Rule 9.2, *see* N.D.N.Y. L.R. 9.2; *see also Poole v. Bendixen*, No. 20-CV-0697, 2021 WL 3737780, *12 (N.D.N.Y. Aug. 24, 2021); *Murphy v. Onondaga Cnty.*, No.

---

[1] Although Plaintiff's complaint was submitted on this Court's form for claims pursuant to 42 U.S.C. § 1983, it does not appear from the complaint itself that Plaintiff intended to assert any claims under Section 1983. *See* Dkt. No. 1 at 3. If Plaintiff did so intend, he should clearly plead that claim in an amended complaint. However, Plaintiff should keep in mind that, as Magistrate Judge Lovric found, any Section 1983 claim against Defendant SUNY would be dismissed under the doctrine of absolute immunity. *See Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 136 (2d Cir. 2015) (holding that SUNY "is entitled to sovereign immunity because it is 'an integral part of the government of the State'") (quotation omitted).

5:18-CV-1218, 2022 WL 819281, *6 (N.D.N.Y. Mar. 18, 2022); and (2) the complaint failed to allege any conduct by Defendants plausibly establishing the "two or more predicate acts of racketeering" required to demonstrate a pattern of racketeering activity. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). Having found that Plaintiff's only federal claim is subject to dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[2] *See* 28 U.S.C. § 1367(c)(3).

Finally, the Court agrees that Plaintiff should be granted an opportunity to amend the complaint in light of his *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted).

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

---

[2] Magistrate Judge Lovric correctly determined that Plaintiff's state law claims are also subject to dismissal for failure to state a claim. *See* Dkt. No. 5 at 8-11. With respect to Plaintiff's breach of contract claim, the complaint fails to set forth the contractual terms that were breached when Defendants allegedly failed to provide adequate education and instruction. *See Bailey v. New York L. Sch.*, No. 19-3473, 2021 WL 5500078, *5 (2d Cir. Nov. 24, 2021), *cert. denied*, 142 S. Ct. 1685 (2022) ("While a contract can be formed when a school accepts a student for enrollment ... a plaintiff must identify specific and discrete promises that were allegedly broken to state a breach of contract claim"). As to the fraud claim, the complaint fails to set forth the factual support for this claim with the specificity and detail required to meet the heightened pleading standard for fraud. *See* Fed. R. Civ. P. 9(b); *see also Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) ("Under Rule 9(b)'s particularity requirement, the plaintiff must '(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent'") (quotation omitted).

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 14, 2022
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge